UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BRET SENIOR,

    Petitioner,

File No: 2:08-cv-88

v.

HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's objections, (Dkt. No. 28), to Magistrate Judge Greeley's June 25, 2010, Report and Recommendation ("R&R"). (Dkt. No. 22.) In this R&R, the Magistrate Judge recommended that the Court deny Petitioner's petition for writ of habeas corpus. The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Here, Petitioner makes three specific objections.

Petitioner first objects to the Magistrate Judge's conclusion that the testimony of Thomas Diedrich does not implicate character evidence and is not a constitutional error. (Dkt. No. 28, Objections, at 1.) The Magistrate Judge reaches no such conclusion regarding character evidence. The only conclusion regarding whether Diedrich's testimony implicated character evidence was a conclusion of the Michigan Court of Appeals, not the Magistrate

Judge. (Dkt. No. 22, R&R, at 5.) As the Magistrate Judge correctly pointed out, violations of state rules of evidence are not cognizable on federal habeas review.[1] (R&R at 6.) Rather, the Magistrate Judge properly asked whether Diedrich's testimony denied Petitioner his federal constitutional right to due process and concluded that it did not. Reviewing the matter *de novo*, this Court finds that the Magistrate Judge's analysis (R&R at 7-8) is sound, and Petitioner's objections, addressed as they are to rules of evidence, do not dislodge that analysis. The objection will be overruled.

Petitioner next contends that the Magistrate Judge erred in determining that Diedrich's testimony was relevant and that the testimony's probative value was not substantially outweighed by the danger of unfair prejudice. (Objections at 2.) Again, this is a determination of the Michigan Court of Appeals, not the Magistrate Judge. (R&R at 6.) Again, too, the Magistrate Judge applied the proper standard for determining whether the admission of prejudicial evidence entitles a petitioner to habeas relief: whether the evidence is a crucial, critical highly significant factor. (R&R at 7); *Brown v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999), *rev'd on other grounds*, 530 U.S. 1257 (2000). Petitioner argues that "[w]ithout this use of testimony [, the jury] would render a different verdict because the jurors [sic] would not have heard of a possible motive that would show the defendants would presumably steal Diedrich's car." (Objections at 4.) Even if this were the case, the

---

[1] In his objections, Petitioner improperly cites to the Federal Rules of Evidence. Since Petitioner's criminal trial was in a Michigan state court, the proper rules are the Michigan Rules of Evidence.

Michigan Rules of Evidence specifically allow for such evidence to be admitted to prove motive. MRE 404(b)(1). Thus, the Magistrate Judge correctly concludes that the evidence is not prejudicial enough to warrant habeas relief. (R&R at 8.) This objection, too, will be overruled.

Third, Petitioner objects to the Magistrate Judge's holding that petitioner had effective assistance of counsel and that the actions of counsel were sound trial strategy. (Objections at 5.) Specifically, Petitioner believes that his counsel should have challenged a photographic lineup and demanded a corporeal lineup. (*Id.*) In fact, what the Magistrate Judge held was that it was not contrary to, on an unreasonable application of, clearly established federal law for the Michigan Court of Appeals to hold that petitioner was not prejudiced by constitutionally ineffective counsel. (R&R at 11-12.) This holding is much more circumscribed, and properly so. Nonetheless, Petitioner's arguments would be unavailing even on a *de novo* review of the state court's determinations. As the state court pointed out, admission of the photographic lineup allowed defense counsel to attack the credibility of the one eyewitness to the crime of which Petitioner was convicted. (R&R at 10.) On the other hand, the state court noted that a corporeal lineup would have been tremendously risky for Petitioner's case – had the eyewitness readily identified Petitioner, the corporeal lineup would have been quite damaging. (*Id.*) In any case, again as the state court noted, it is unclear from the record whether Petitioner was even in custody at the time of the photographic lineup, and what evidence there is points to a photographic lineup that

3

was not unduly suggestive. (*Id.* at 9.) If that was the case, it is very likely that any objection by Petitioner's counsel would have been dismissed as futile, and counsel cannot be challenged as ineffective for failure to make a meritless motion or futile objection. This objection will be overruled.

Finally, in the last paragraph of his objections, Petitioner raises the issue of ineffective assistance of counsel for his counsel's alleged failure to consult with him in the process of filing an appeal. The Court can locate no evidence of this on the record, and moreover, because Petitioner failed to raise this claim in the habeas petition reviewed by the Magistrate Judge, Petitioner is procedurally barred from raising it in his objections to the Magistrate Judge's R&R. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing approvingly several courts which have held that "the Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (Dkt. No. 28) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's June 25, 2010, R&R (Dkt. No. 22) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: November 10, 2010                          /s/ Robert Holmes Bell
                                                                            ROBERT HOLMES BELL
                                                                            UNITED STATES DISTRICT JUDGE